**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Jaime BELTRAN–JIMENEZ,**
**Defendant–Appellant.**

No. 12–10205.

United States Court of Appeals,
Ninth Circuit.

Submitted Aug. 14, 2013.*

Filed Aug. 19, 2013.

Christina Marie Cabanillas, Assistant U.S., USTU–Office of the U.S. Attorney, Tucson, AZ, for Plaintiff–Appelle.

Mark Willimann, Tucson, AZ, for Defendant–Appellant.

Before: SCHROEDER, GRABER, and PAEZ, Circuit Judges.

MEMORANDUM **

Jaime Beltran–Jimenez appeals from the district court's judgment and challenges his bench-trial conviction and 35–month sentence for reentry after deportation, in violation of 8 U.S.C. § 1326. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Beltran–Jimenez contends that the district court erred by denying his motion to dismiss the indictment. We review de novo the denial of a motion to dismiss a section 1326 indictment. *See United States v. Muro–Inclan,* 249 F.3d 1180, 1182 (9th Cir.2001).

Beltran–Jimenez argues that his state court conviction cannot support the deportation order underlying his current conviction because his counsel provided ineffective assistance in the state proceeding. Because Beltran–Jimenez had counsel in the state proceeding, he may not now collaterally attack his state court conviction. *See United States v. Gutierrez–Cervantez,* 132 F.3d 460, 462 (9th Cir.1997). Moreover, *Padilla v. Kentucky,* 559 U.S. 356, 130 S.Ct. 1473, 176 L.Ed.2d 284 (2010), is not retroactive. *See Chaidez v. United States,* —— U.S. ——, 133 S.Ct. 1103, 1113, 185 L.Ed.2d 149 (2013). Accordingly, the district court properly denied the motion to dismiss.

**AFFIRMED.**

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.